484 P.2d 180

**STATE FARM FIRE AND CASUALTY COMPANY, Appellant,**

v.

**Robert L. KNAPP and Martha Jean Knapp, husband and wife, Appellees.**

**No. 10319.**

Supreme Court of Arizona,
In Division.

April 22, 1971.

Kenneth S. Scoville and Leroy W. Hofmann, Phoenix, for appellant.

T. Gale Dake, Phoenix, for appellees.

CAMERON, Justice.

This is an appeal from an order of the trial court denying the motion of the defendant, State Farm Fire and Casualty Company, for summary judgment and granting the motion of the plaintiffs, Robert and Martha Knapp, for summary judgment.

We are called upon to determine whether the subrogation clause in the defendant insurance company's medical pay provision is invalid as an attempted assignment of a portion of the bodily injury claim.

From an agreed statement of facts it appears that the grandchildren of the insured, Mary E. Knapp, were injured while passengers in the insured's automobile being driven, with permission, by insured's daughter. The other car was driven by Mark Garcia who was insured by the Farmers Insurance Group. Garcia's insurer settled the childrens' claims and Mrs. Martha Knapp (daughter-in-law of the insured), as parent and legal guardian, executed releases relieving Garcia from all further liability. A claim was then presented to State Farm for medical payments incurred and State Farm refused payment asserting breach of the subrogation clause.

The insurer under policy coverage "C", "Division 2", contracted "to pay reasonable medical expenses * * * to or for any other person who sustains bodily injury, caused by accident, while occupying the owned automobile * * *."

The subrogation clause qualifies this duty to pay as follows:

"Upon payment under coverage C of this policy the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payments may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

Clearly, if this subrogation clause is enforceable then plaintiff's claim is defeated

as it is agreed that plaintiff by signing the release has prejudiced State Farm's right to subrogate.

The cases are not extensive in this field, probably because the attempt by insurance companies to subrogate medical payments is a rather recent trend, and the courts are not in agreement concerning the propriety of subrogation of medical pay provisions in insurance policies. See Annotation commencing at 19 A.L.R.3d 1054.

Some courts merely allow subrogation. Smith v. Motor Club of America Ins. Co., 54 N.J.Super. 37, 148 A.2d 37 (1959). Some cases hold that a claim for personal injury is assignable and that therefore there is no impediment in a subrogation clause medical payments provision. Davenport v. State Farm Mutual Auto. Ins. Co., 81 Nev. 361, 404 P.2d 10 (1965). Another view is that the subrogation clause in a medical payments provision of an insurance policy does not constitute an assignment of the personal injury claim and therefore the subrogation clause should be enforced. DeCespedes v. Prudence Mut. Cas. Co., 193 So.2d 224 (Fla.App.1966).

 This court, however, has taken the position in denying review in the case of Harleysville Mutual Insurance Company v. Lea, 2 Ariz.App. 538, 410 P.2d 495 (1966) that subrogation amounts to an assignment and that a claim for personal injuries is not assignable:

> "Although the historical reasons given for the non-assignment of a personal injury claim have been based mostly on the non-survivability of the cause of action, we believe that the non-assignability rule standing alone has much support in public policy. * * * [A]llowing the subrogation or assignment of a cause of action for personal injuries is so fraught with possibilities, that the rule in Arizona against assignment should remain the same until changed by the legislature." Supra, 2 Ariz.App., at 542, 410 P.2d, at 499.

We agree with the Missouri Court of Appeals:

> "Our determination of this appeal as to defendant Losinsky rests solidly upon the long-recognized and well-established legal principle prohibiting assignment of a cause of action for personal injury; and we find no consideration of 'public policy' which would justify us in ignoring, hewing through, or carving an exception in, that legal principle for the purpose of enabling instant plaintiff (and those of like inclination) to become subrogated as to medical payments coverage and thereby, so we think, lifting the lid on a pandora's box crammed with both practical and legal problems." Travelers Indemnity Company v. Chumbley, 394 S.W.2d 418, 425, 19 A.L.R.3d 1043, 1053 (Mo. App.1965).

Judgment affirmed.

UDALL and LOCKWOOD, JJ., concur.