576 P.2d 136

In the Matter of the ESTATE of Ramon G. QUIJADA, a protected person.

Ramon G. QUIJADA, a Protected Person, through his conservator and guardian, The Pima County Public Fiduciary, Appellant,

v.

**PIMA COUNTY GENERAL HOSPITAL, Appellee.**

No. 2 CA–CIV 2650.

Court of Appeals of Arizona, Division 2.

Jan. 19, 1978.

Rehearing Denied Feb. 22, 1978.

Review Denied March 14, 1978.

Ronald W. Sommer, Tucson, for appellant.

Stephen D. Neely, Pima County Atty., by Mark R. Christensen, Deputy County Atty., Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

Ramon G. Quijada was injured in an accident and qualified as an indigent for medical assistance pursuant to A.R.S. § 11-251(5). The conservator of his estate settled the community property tort claim arising out of his accident for $50,000, netting $32,500 for the community of Ramon and Anna Quijada. Thereafter, Pima County petitioned to withdraw funds in the sum of $11,900 to reimburse it for medical and other services rendered Ramon Quijada. The petition to withdraw the funds was approved over opposition from Anna Quijada and from the conservator of the estate.

The county's claim against the estate was based upon the following clause in Mrs. Quijada's application for treatment of her husband as an indigent:

"I further agree that in the event that my hospitalization resulted from the negligence of any 3rd person or entity and that as a result of said negligence I, my estate, or personal representative shall receive any monies, property, or things of value, that the value of all medical treatment, services and other expenses provided for me by Pima County or its agent or agencies shall be paid out of and be a charge against said assets, monies, property, things of value or recovery."

Appellant questions on appeal the validity of the foregoing requirement as a condition precedent to the rendition of medical services to an indigent. Since the services have been received, the question as posed is moot and is better phrased, was the county properly reimbursed under the agreement? We hold that it was and affirm.

Appellant contends that the county has a statutory duty to care for the indigent sick and that it could presumably refuse assistance to someone unwilling to repay if funds are obtained from the responsible third party. That is not the case here and we see no need to anticipate an answer until confronted with the situation.

The agreement in question does not assign a cause of action for personal injuries as proscribed in *State Farm Fire and Casualty Company v. Knapp,* 107 Ariz. 184, 484 P.2d 180 (1971); *Harleysville Mutual Insurance Company v. Lea,* 2 Ariz.App. 538, 410 P.2d 495 (1966), nor does it subrogate the county to rights of appellant or obligate appellant to take action to recover funds to reimburse for medical services received. The parties simply entered a contract granting appellee the right to reimbursement if funds are obtained from a responsible third party in consideration of appellee furnishing medical services to appellant. In effect, appellant was treated conditionally as an indigent and given free medical services.[1] Since appellant's status as an indigent was subject to the possibility of recovering funds from the third party responsible for his injuries, the county's acceptance of him as an indigent patient awaited the outcome of his claim. The funds that were forthcoming from his claim eradicated his status of indigency.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.

---

1. A.R.S. § 11-251. Powers of board

"The board of supervisors, under such limitations and restrictions as prescribed by law, may:

\*   \*   \*   \*   \*   \*

5. Provide for the care and maintenance of the indigent sick of the county  .  .  ."