576 P.2d 489

ALLSTATE INSURANCE COMPANY,
Petitioner,

v.

The Honorable William E. DRUKE, Judge of the Superior Court, and the Honorable James C. Carruth, Judge of the Superior Court, Respondents, and Letha Pancoe, Linda Vincent, Oliver B. Mitchell, Jerrold S. Huffstetler, Barbara Huffstetler, Kenneth Pearman, and Connie Pearman, the Real Parties in Interest, Respondents.

Letha PANCOE, Linda Vincent, Oliver B. Mitchell, Jerrold S. Huffstetler, Barbara Huffstetler, Kenneth Pearman, and Connie Pearman, the Real Parties in Interest, Cross-Petitioners,

v.

The Honorable William E. DRUKE, Judge of the Superior Court, and the Honorable James C. Carruth, Judge of the Superior Court, Respondents and Allstate Insurance Company, the Real Party in Interest, Cross-Respondents.

No. 13429–PR.

Supreme Court of Arizona,
In Banc.

Feb. 8, 1978.

Rehearing Denied March 28, 1978.

Slutes, Browning, Zlaket & Sakrison, P.C. by Thomas A. Zlaket, Tucson, for petitioner and real party in interest Allstate.

Miller, Pitt & Feldman, P.C. by Stanley G. Feldman and Nanette M. Warner, Tucson, for respondents real parties in interest and cross-petitioners.

Corcoran, Magness & Hofmann by John F. Corcoran, San Manuel, memorandum amicus curiae Marion L. Hampton, Jr. and Ruben A. Chavez.

Fennemore, Craig, von Ammon & Udall by Calvin H. Udall, Phoenix, memorandum amici curiae.

CAMERON, Chief Justice.

This is a petition for review of a decision of the Court of Appeals, Division Two, which held in a special action proceeding that it was error for the trial court to deny the motion of the defendant Allstate Insurance Company for summary judgment.

We take jurisdiction pursuant to Rule 47(b), Rules of the Supreme Court, 17A A.R.S.

We must answer two questions on appeal:

1. Was Allstate's policy provision requiring reimbursement of medical payments made by it to its insured out of any proceeds recovered by the insured

from a third-party tortfeasor an attempted assignment of the insured's cause of action against the third-party tortfeasor?

2. Did the trial court abuse its discretion in partially denying plaintiffs' motion to compel discovery?

The facts necessary for a determination of this matter are as follows. Defendant Allstate's motor vehicle liability insurance agreement provides in the General Conditions Section at Paragraph 10:

"*Subrogation*

"Upon payment under

\* \* \* \* \* \*

"(b) Part I of Section IV [Medical Payments Insurance], each insured shall repay Allstate out of the proceeds, if any, recovered in exercise of his rights against any person liable to the insured because of the bodily injury for which such payment was made.

"The insured shall do whatever is necessary to secure such rights and do nothing before or after loss to prejudice such rights."

In furtherance of this policy provision, Allstate sends to its policyholders who are involved in motor vehicle accidents the following form letter:

"Did you incur medical expenses as a result of your recent accident?

"If so, and you desire to present the claim under the Medical Payments coverage, the enclosed form should be completed by you and your doctor and returned to us with your itemized bills.

"If the other party or his bodily injury liability insurance carrier makes a settlement to you, policy conditions applicable to the Medical Payments coverage require that you repay Allstate Insurance Company out of the proceeds of the settlement, to the extent of the payments made under the Medical Payments coverage.

"In the event you do present a claim under Medical Payments coverage, we will notify the other party and his carrier of our interest and will request that All-

state's name be included on any settlement draft or check.

"Please indicate by checking the appropriate statement at the bottom of this letter, how you wish to handle your claim for medical expenses, and return the letter to us promptly.

\* \* \* \* \* \*

"_____ I do not desire to present a medical payments claim.

"_____ I plan to submit a medical payments claim and understand that Allstate is to be repaid the amount of such claim out of the proceeds of any bodily injury liability settlement.

Signed _____ Date _____"

On 27 May 1976, a class action complaint was filed against Allstate Insurance Company alleging essentially that Allstate's motor vehicle insurance policy provision requiring an insured to repay Allstate's medical expense benefits out of any proceeds recovered by the insured from a tortfeasor violates Arizona law and public policy prohibiting the assignment or subrogation of personal injury claims. The original "named" plaintiffs in this class action were Letha Pancoe, Linda Vincent and Oliver B. Mitchell. Later, Jerrold S. and Barbara Huffstetler and Kenneth and Connie Pearman were added as named plaintiffs when the trial court granted their motion to intervene.

The named plaintiffs allege that they and the members of the class they represent either:

1. were refused payment by Allstate of medical expense benefits due to their refusal to agree to repay Allstate out of any proceeds they might recover from the tortfeasor, or

2. did in fact reimburse Allstate out of the proceeds of their recovery from a tortfeasor in ignorance of the fact, known and concealed by Allstate, that Allstate had no legal right to obtain such reimbursement.

After extensive pretrial proceedings, Allstate filed a motion for summary judgment. This motion was denied by the trial court. Thereafter, Allstate filed a special action

petition in the Court of Appeals seeking a reversal of the trial court's denial of its motion for summary judgment. The Court of Appeals accepted jurisdiction and on 1 September 1977 issued an opinion finding Allstate's repayment requirement to be lawful and ordering the trial court to grant Allstate's motion for summary judgment. The plaintiffs petitioned this court for review which we granted.

## WAS THIS AN ATTEMPTED ASSIGNMENT?

In *Harleysville Mutual Insurance Company v. Lea,* 2 Ariz.App. 538, 410 P.2d 495 (1966), an insured motorist was involved in an automobile accident in which he sustained personal injuries necessitating medical treatment. His insurance carrier paid an amount covering his medical expenses pursuant to its policy. Upon receipt of this payment, the insured signed a receipt and release providing in part:

> "In further consideration of the aforesaid payment, the undersigned hereby assigns and transfers to COMPANY its successors and assigns, any and all claims and demands against any other person, persons, property or corporation arising from or in any manner connected with such loss or damage and COMPANY is hereby subrogated in the place of and to the claim and demands of the undersigned against such persons, property or corporation, to the extent of such medical payment above named." 2 Ariz.App. at 540, 410 P.2d at 497.

Thereafter, the insured entered into a settlement with the tort-feasor and refused to reimburse the insurance company out of the proceeds of his settlement recovery. The Court of Appeals stated:

> "Any rights that the insurance company may have as a subrogee in the instant case * * * must be based upon the ability in law of the defendant Lea to assign in whole or in part, his cause of action for personal injuries to the insurance company. If the defendant Lea may not in law assign his cause of action to the plaintiff either in whole or in part,

then his cause of action may not be subrogated." 2 Ariz.App. at 540, 410 P.2d at 497.

*Harleysville* spoke only to the issue of whether an insurer could be subrogated to the extent of its medical expense payment to its insured's right of action against parties responsible for the insured's personal injuries. While the court in *Harleysville* recognized that some states have adopted the policy that a *cause of action* for personal injuries may not be assigned but that the *proceeds* may, 2 Ariz.App. at 541, 410 P.2d at 498, the question whether an insurer could be "subrogated" to the *proceeds* which the insured might recover through his own exercise of that right of action was not before the court in *Harleysville* and not answered in that opinion.

After *Harleysville,* this court considered the validity of a "subrogation" clause providing

> "Upon payment under coverage C [medical expense coverage] of this policy the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payments may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights." *State Farm Fire and Casualty Company v. Knapp,* 107 Ariz. 184, 184, 484 P.2d 180, 180 (1971).

Noting that a subrogation amounts to an assignment and that a claim for personal injuries is not assignable, we found this provision to be unenforceable.

The difference between the provision which was denied enforcement in *Knapp* and Allstate's provision in the instant case is only in language. In *Knapp,* the insurance company was "subrogated" to the "proceeds" of any settlement or judgment. In the instant case, the insured is to "repay Allstate out of the proceeds." While neither provision expressly attempts to assign the cause of action itself to the insurance

company, we believe that is the practical result of both provisions.

Whatever the form, whatever the label, whatever the theory, the result is the same. The policies create an interest in any recovery against a third party for bodily injury. Such an arrangement, if made or contracted for prior to settlement or judgment, is the legal equivalent of an assignment and therefore unenforceable. *Harleysville* and *Knapp*, supra.

Allstate contends, however, that its interest does not arise until after the personal injury claim has been reduced to judgment or settlement and therefore is not an assignment of a cause of action for personal injuries. We do not believe that this is a meaningful distinction. Allstate's rights come into existence at the creation of the insurance contract. That contract obligates the insured to not only repay such amounts but to "do whatever is necessary to secure such rights and do nothing before or after loss to prejudice such rights." It is clear that Allstate intended by the provision in the policy to create a legally enforceable interest in any claim that their insured might have against a third party tortfeasor. By whatever name, this is an assignment of the insured's cause of action for personal injury against said third party tortfeasor.

The rule against assignability of personal injury claims is based in sound public policy. A victim's medical expense insurance coverage does not provide full indemnity. While it may indemnify him completely for his medical expenses (if the amount of his actual medical expenses falls within his policy limits), such expenses may constitute only a portion of his total loss. In addition to other "out-of-pocket" losses, such as loss of income or earning power and the costs of asserting said claim such as court costs and attorney's fees, an accident victim often suffers non-economic losses such as physical pain and mental anguish which are often not monetarily indemnifiable and never insurable. Under the repayment provision in the instant case, the insurance company obtains full reimbursement for its medical expense payments regardless of whether the victim's tort recovery fully covers his actual damages.

Also, to require an injured policy holder to return to his insurer the benefits for which he has paid premiums is to deny him the benefits of his thrift and foresight. In terms of public policy, the only justification for allowing an insurance company to recoup the benefits it contracted to pay out in exchange for the receipt of premium payments which are presumably actuarially adequate would be the lowering of premium rates as a result of such recoupment. This is generally not the case:

> "Subrogation is a windfall to the insurer. It plays no part in the rate schedules (or only a minor one), and no reduction is made in insuring interests * * * where the subrogation right will obviously be worth something." Patterson, Essentials of Insurance Law 151–152 (2d ed. 1957). See also 2 Richards, Law of Insurance, § 183 (5th Ed. 1952) and *DeCespedes v. Prudence Mut. Cas. Co. of Chicago, Ill.*, 193 So.2d 224, 227–28 (3d D.C.A. Fla.1966), aff'd 202 So.2d 561 (Fla.1967).

We hold that Allstate's medical expense repayment provision is unenforceable as an assignment of the insured's cause of action against the third party tortfeasor.

## DID THE TRIAL COURT ERR IN PARTIALLY DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY?

Plaintiffs, in their cross-appeal, contend that the trial court erred in failing to grant its motion for discovery as to certain interrogatories. At the time of appeal, none of the interrogatories had been answered though the trial court had granted a protective order as to some. The court stated:

> "Should Defendant decide to test the legal issues underlying this action by taking a Special Action to the Court of Appeals or the Supreme Court, the time limit for responding to the interrogatories set forth above shall automatically be extended until forty-five days from the issuance of any mandate sustaining the Plaintiff's position on the underlying legal issues."

The record before this court is not sufficient for us to determine whether there was error in the ruling on the various motions relating to discovery. It is also apparent that the decision or indecision of the trial court was related to the question of the assignability of the cause of action. Since we have resolved that issue, the trial court will be able to properly dispose of the issue of discovery.

Remanded to the trial court for proceedings not inconsistent with this opinion.

STRUCKMEYER, V. C. J., and HOLOHAN, HAYS and GORDON, JJ., concurring.