589 P.2d 34

Olivia GALLEGO, Plaintiff Appellant,
v.
Beverly Gail STRICKLAND, Walter R. Kahler and Leona T. Kahler, husband and wife, Defendants Appellees.

No. 2 CA–CIV 2882.

Court of Appeals of Arizona, Division 2.

Oct. 17, 1978.

Rehearing Denied Nov. 29, 1978.

Review Denied Dec. 19, 1978.

Slutes, Browning, Zlaket & Sakrison, P. C., by Eugene F. Zlaket and Arthur John Pelander, Tucson, for plaintiff/appellant.

Maupin & Wilson by Charles B. Hickcox, II, Phoenix, for defendants/appellees.

## OPINION

RICHMOND, Chief Judge.

Plaintiff/appellant challenges a summary judgment in favor of defendants/appellees in her personal injury action after she settled with her automobile insurer under the uninsured motorist coverage of her insurance policy. She argues that (1) subrogation of the insurer to her rights is not precluded, and (2) the judgment violates the state constitution by limiting the amount of recovery for her injuries and by abridging her right to trial by jury. We disagree with her first contention and reject the second because it was not advanced in the trial court.

After commencement of the action, appellees' automobile insurer was placed in receivership. Thereafter, appellant made a claim against her own insurance carrier, State Farm Mutual Auto Insurance Company, under the uninsured motor vehicle coverage (coverage U) of her policy. That claim was settled on or about June 6, 1977, for the sum of $6,338.04. The State Farm policy provided:

"4. *Subrogation.* Upon payment under this [coverage], the company shall be subrogated to all the *insured's* rights of recovery therefor and the *insured* shall do whatever is necessary to secure such rights and do nothing to prejudice them.

"5. *Trust Agreement—Coverage U.* In the event of payment to any *person* under coverage U:

"(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such *person* against any *person* or organization legally responsible for the *bodily injury* because of which such payment is made;

"(b) such *person* shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other *person* or organization because of the damages which are the subject of claim made under the coverages;

"(c) such *person* shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

"(d) if requested in writing by the company, such *person* shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other *person* or organization, such action to be taken in the name of such *person*; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

"(e) such *person* shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such *person* and the company established by this provision.

Pursuant to the foregoing, appellant executed a "Release and Trust Agreement" which included the following:

"For the consideration aforesaid, and to the extent of any payment made thereun-

der, the undersigned agrees to hold in trust for the benefit of the Company all rights of recovery which he shall have against any person or organization legally liable for such bodily injuries, and assigns to the Company the proceeds of any settlement with or judgment against such person or organization.

"The Company is hereby authorized to take any action which may be necessary either in law or in equity in the name of the undersigned against any such person or organization, and the undersigned covenants and agrees to cooperate fully with the Company in the presentation of such claims and to furnish all papers and documents necessary in such proceedings and to attend court and testify if the Company deems such to be necessary.

"The undersigned further warrants that he has made no settlement with, given any release to or prosecuted any claim to judgment against any person or organization legally liable for such bodily injuries, and that no such settlement will be made, no such release will be given, and no such claim will be prosecuted to judgment without the written consent of the Company."

Appellees' successful motion for summary judgment was based on the argument that subrogation of an insurer to a claim for personal injuries is not permissible in Arizona. In opposing the motion, appellant contended that a line of Arizona cases precluding subrogation to claims for medical payments was inapplicable to payments under uninsured motor vehicle coverage. Her argument, however, ignores the fact that the medical payments cases were decided on the rationale that subrogation amounts to an assignment and that a claim for personal injuries is not assignable. *State Farm Fire and Casualty Company v. Knapp*, 107 Ariz. 184, 484 P.2d 180 (1971). The rule has been restated during the pendency of this appeal in *Allstate Insurance Co. v. Druke*, 118 Ariz. 301, 576 P.2d 489 (1978), and leaves no room for an exception merely because it is the uninsured motorist who benefits in this case, rather than an insured who has paid an additional premium for medical payments coverage.

As previously indicated, we decline to consider the effect of the judgment on appellant's right to additional compensation or trial by jury because it does not appear that those issues were raised in the trial court. The insurance policy and agreement, which she submitted with her opposition to appellees' motion and in support of her own cross motion for summary judgment, established that after the payment under the policy the action was being prosecuted in her name for the benefit of the insurer. She did not assert any claim that she was entitled to further compensation in her own right. On appeal from a summary judgment we will not consider new theories advanced for the first time. *Crook v. Anderson*, 115 Ariz. 402, 565 P.2d 908 (App. 1977).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.