647 P.2d 1197

Seymour KARP and Shirley Karp, husband and wife, Plaintiffs-Appellants,

v.

Donald SPEIZER and Virginia Speizer, husband and wife, and Neal S. Sundeen and Sidney M. Rosen, general partners of Rosen & Sundeen, a co-partnership, Defendants-Appellees.

No. 1 CA–CIV 5365.

Court of Appeals of Arizona, Division 1, Department A.

June 15, 1982.

Thayer C. Lindauer, Phoenix, for plaintiffs-appellants.

Rosen & Sundeen by F. Kenton Komadina, Phoenix, for defendants-appellees.

## OPINION

FROEB, Judge.

The question presented by this appeal is whether an assignment of proceeds expected to be recovered from a personal injury action is enforceable. The facts are as follows:

On March 27, 1975, Seymour and Shirley Karp obtained a judgment in the amount of $6,248.85 against Donald and Virginia Speizer. Thereafter, a written agreement was entered into with the Karps whereby Donald Speizer assigned "so much of the proceeds which may become due me as a result of my accident on December 9, 1974, at the corner of 44th Street and Camelback Road, Phoenix, Arizona, for the payment of the judgment obtained against me in Cause No. C–290931 by SEYMOUR KARP and SHIRLEY KARP, plaintiffs." Speizer retained Neal Sundeen and Sidney Rosen to represent him in the accident case, and copies of the assignment were given to those attorneys. Subsequently, the accident case was settled for $27,500 and the proceeds were distributed without payment of the amount assigned to the Karps. Thereupon, the Karps filed a complaint against the Speizers, Sundeen and Rosen, alleging

breach of the assignment agreement. The defendants filed a motion to dismiss which was granted by the trial court and this appeal followed. We affirm.

■ We address first a procedural matter raised by appellees in their answering briefs, wherein appellees assert that this court should not consider arguments made by appellants based on *Allstate Insurance Company v. Druke*, 118 Ariz. 301, 576 P.2d 489 (1978). Appellees point out that this case was not discussed in appellants' response to the motion to dismiss in the trial court and, therefore, appellants are precluded from relying upon this case now because of the general prohibition against advancing new theories for the first time on appeal. *Gallego v. Strickland*, 121 Ariz. 160, 589 P.2d 34 (App.1978). We find no merit in this contention. Appellants' argument presented to the trial court was that an assignment of proceeds of a personal injury action is enforceable, and that is the same argument which has been presented in this appeal. The rule against advancing new theories or issues on appeal is not intended to preclude the presentation and analysis of case decisions relevant to those theories simply because the case was not relied upon in the trial court. We proceed to an examination of the merits of this appeal.

The Karps argue that an assignment of only the proceeds which may be recovered from a personal injury action is an enforceable agreement if the assignee is not subrogated to nor takes an assignment of the personal injury claim itself. We disagree.

■ As conceded by appellants, the general rule of law in Arizona and in other jurisdictions is that absent a statute to the contrary a cause of action for personal injuries is not assignable. *K. W. Dart Truck Co. v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977); 6A C.J.S. *Assignments* § 38 (1975). The reason for this rule was often expressed in terms of survivability, *i.e.*, in the absence of statutes to the contrary, tort actions for personal injuries did not survive the death of the injured person and, therefore, were not assignable. *Harleysville Mu-*

*tual Insurance Company v. Lea,* 2 Ariz.App. 538, 410 P.2d 495 (1966). Also, reasons of public policy have been advanced in support of the rule. Assignments of personal injury claims could involve the dangers of maintenance and champerty.[1] *City of Richmond v. Hanes,* 203 Va. 102, 122 S.E.2d 895 (1961); 6 Am.Jur.2d *Assignments* § 27 (1963). "Most writers objected to the assignability because they felt that unscrupulous people would purchase causes of action and thereby traffic in lawsuits for pain and suffering." *Harleysville Mutual Insurance Company v. Lea, supra,* 2 Ariz.App. at 541, 410 P.2d at 498.

■ Appellants attempt to avoid the general rule by contending that only the proceeds of the claim were here involved. This distinction is "one which has been espoused only rarely," and it appears that most courts have not considered it. Annot., 40 A.L.R.2d 500, 513 (1955). *See Employers Casualty Company v. Moore,* 60 Ariz. 544, 142 P.2d 414 (1943). However, when faced with the precise question raised by appellants, the prevailing view is that assignments of the proceeds of a personal injury action are also unenforceable. In *Goldfarb v. Reicher,* 112 N.J.L. 413, 171 A. 149 (1934), *aff'd,* 113 N.J.L. 399, 174 A. 507 (1934), the Supreme Court of New Jersey held that an assignment of monies to become due before a personal injury claim was reduced to judgment was void. In *Harvey v. Cleman,* 65 Wash.2d 853, 400 P.2d 87 (1965), the appellants urged the identical argument that appellants herein raise; namely, that there is a distinction between the right to assign a claim for personal injuries and the right to assign only the proceeds of that claim. The Supreme Court of Washington rejected the argument by stating: "[a]t best this is a distinction without a difference." 65 Wash.2d at 858, 400 P.2d at 90. Other courts have similarly rejected this distinction and have held that assignments of the proceeds of a personal injury claim are unenforceable. *See McGhee v. Char-*

*ley's Other Brother,* 161 N.J.Super. 551, 391 A.2d 1289 (1978), *aff'd,* 171 N.J.Super. 454, 410 A.2d 46 (1979); *Forsthove v. Hardware Dealers Mutual Fire Insurance Company,* 416 S.W.2d 208 (Mo.App.1967); *Kusterer v. The City of Beaver Dam,* 56 Wis. 471, 14 N.W. 617 (1883); Annot., 40 A.L.R.2d 500, 513 (1955); 6 Am.Jur.2d *Assignments* § 38 (1963).

A minority view allows the assignment of the proceeds of a personal injury claim as is reflected in *Davenport v. State Farm Mutual Automobile Insurance Company,* 81 Nev. 361, 404 P.2d 10 (1965). In that case, the Supreme Court of Nevada stated that the assignability of the right to sue for personal injuries is determined by the test of claim survival. The court observed that a Nevada statute provided for the survival of a cause of action for personal injuries, and then concluded that "[a] fortiori, an assignment of the proceeds of a personal injury settlement is permissible, . . ." 81 Nev. at 365, 404 P.2d at 12. No public policy reasons for disallowing such assignments were apparently considered. The case is not persuasive authority, however, because Arizona has previously rejected that reasoning. In *Harleysville Mutual Insurance Company v. Lea, supra,* we recognized that some states, *i.e.,* Nevada, have allowed personal injury claims to be assignable when a statutory provision provided for the survival of that claim. We then noted that this view has been disapproved by other jurisdictions and concluded that:

> We feel and therefore hold, that the better reasoned rule is that even though a cause of action for personal injury may survive, an action still may not be assignable either in whole or in part prior to judgment.

*Harleysville Mutual Insurance Company v. Lea, supra,* 2 Ariz.App. at 541, 410 P.2d at 498.

Arizona has not heretofore considered the assignability of the proceeds of a claim for

---

**1.** Maintenance means assisting another in litigation where the one providing the assistance has no personal interest. That situation becomes champertous if there is an agreement

that the one providing the assistance will share in the proceeds of the litigation. *Restatement of Contracts* § 540 (1932).

personal injuries between individuals standing in relation to each other as are the parties herein. However, in *Allstate Insurance Company v. Druke, supra,* the Arizona Supreme Court held unenforceable a medical expense repayment agreement between an insurance company and its insured, which required that "each insured shall repay Allstate out of the proceeds, if any, recovered in exercise of his rights against any person liable to the insured because of the bodily injury for which such payment was made." 118 Ariz. at 302, 576 P.2d at 490. The court recognized the similarity between this agreement and a subrogation clause which was previously considered and held unenforceable in *State Farm Fire and Casualty Company v. Knapp,* 107 Ariz. 184, 484 P.2d 180 (1971). The court then stated:

> While neither provision expressly attempts to assign the cause of action itself to the insurance company, we believe that is the practical result of both provisions.... Such an arrangement, if made or contracted for prior to settlement or judgment, is the legal equivalent of an assignment and therefore unenforceable.

*Allstate Insurance Company v. Druke, supra,* 118 Ariz. 303–4, 489 P.2d at 491–92.

We see no reason why the holding in *Allstate* is not controlling here. In attempting to distinguish that case, appellants argue that an insurance company was there involved and, therefore, the public policy reasons given by the court in support of its decision are not relevant to the present appeal. However, the public policy reasons and legal principles underlying the general rule prohibiting the assignment of a claim for personal injuries which have been expressed throughout this decision have not been supported solely by insurance considerations, and we find those reasons to be equally applicable to the present situation.

For the reasons stated, we hold that the assignment agreement was unenforceable. The judgment of the trial court is affirmed.

OGG, P. J., and GRANT, J., concur.