*224 OPINION
JACOBSON, Chief Judge.
In this appeal we must decide whether an insurance company which obtains a final judgment declaring that it is not obligated to pay damages for bodily injuries intentionally caused by its insured may later be required to indemnify another insurance company which pays the injured person under an uninsured motorist provision.
The facts, which are basically undisputed, are that in March 1979, Rosie Carrillo intentionally struck and injured Kathleen Bergstrom with her automobile. Bergstrom filed a lawsuit against Carrillo in Maricopa County Superior Court in June 1979, seeking compensatory and punitive damages. Carrillo was insured by the Allstate Insurance Company (Allstate) which defended Carrillo under a reservation of rights. The policy specifically excluded coverage for injuries caused intentionally by the insured.
On December 3, 1979, Allstate filed an action for declaratory relief against the Carrillos and Bergstrom seeking a declaration that Allstate had no duty to defend Carrillo or pay any damages which Carrillo might become obligated to pay to Bergstrom because Carrillo’s conduct was intentional and thus within the policy exclusion.
Bergstrom, the injured party, was insured by the American and Foreign Insurance Company (American). That policy provided that American would pay for any damages that the insured was entitled to recover from the operator of an uninsured automobile. American was not named as a defendant in the declaratory judgment action and did not appear.
In the declaratory judgment action, Bergstrom was represented by her own attorney who answered Allstate’s complaint. The Carrillos did not answer and a default judgment was taken against them. Allstate moved for judgment on the pleadings against Bergstrom. Bergstrom responded to Allstate’s motion for judgment on the pleadings without making any arguments and by stating that she had no objection to the motion.[1] The court entered judgment in favor of Allstate, declaring that Allstate had no duty to defend the underlying tort claim or pay any judgment for damages suffered by Bergstrom.
While the declaratory action was still pending, Bergstrom filed a motion to compel her insurer, American, to arbitrate her uninsured motorist claim. By this motion, Bergstrom sought to establish that Allstate had denied coverage to Rosie Carrillo so as to bring the uninsured motorist coverage into play, and Bergstrom specifically referred to the pending declaratory judgment action and attached a copy of Allstate’s complaint to her motion. This motion to compel arbitration was filed seven days prior to Allstate’s motion for judgment on the pleadings and ten days prior to the entry of judgment against Bergstrom in the declaratory judgment action.[2] American took no steps to intervene or otherwise protect its interests.
Subsequently, American, without arbitration or litigation, paid Bergstrom $28,000 under its uninsured motorist coverage for damages sustained by Bergstrom arising out of the Carrillo incident.
On May 21, 1980, American filed the present lawsuit from which Allstate is appealing. In that action, American sought declaratory relief against Allstate and Car *225 rillo and also demanded damages against Allstate in the amount of $28,000, the amount paid to its insured Bergstrom under the uninsured motorist provision of her policy. American’s theory of recovery against Allstate was that it would not have been required to make payment under the uninsured motorist provision of its policy but for Allstate’s wrongful denial of insurance coverage to Carrillo.
Allstate answered the complaint and both parties moved for summary judgment. The superior court granted American’s motion and entered judgment in its favor, awarding American damages in the amount of $28,000.
In its appeal from the superior court judgment, Allstate urges five grounds for reversal:
1. American’s claim is barred by res judicata and/or collateral estoppel because of the prior final judgment entered in Allstate’s favor in the Bergstrom/Carrillo declaratory judgment action.
2. American’s claim is barred by laches and waiver because American failed to seek timely intervention in that action.
3. American has failed to state a claim because its position rests on an unlawful assignment of a personal injury claim.
4. The trial court erred in finding that the policy exclusion of coverage for damages intentionally caused by the insured was invalid.
5. Allstate’s conduct was not wrongful and therefore American is not entitled to recover from Allstate the full amount paid to its insured.
American’s claim for indemnity against Allstate is based on § 76 of the Restatement of Restitution. American emphasizes in its brief (and at oral argument) that it is asserting this right on its own behalf, rather than as an assignee or subrogee of Bergstrom. We agree that American’s claim, if any, must be founded on its own right of indemnity and not as a subrogee of Bergstrom, for such a subrogation or assignment of a personal injury claim is void in Arizona. Allstate Insurance Co. v. Druke, 118 Ariz. 301, 576 P.2d 489 (1978). This prohibition has been held to apply to payments under an uninsured motorist policy. See Gallego v. Strickland, 121 Ariz. 160, 589 P.2d 34 (App. 1978)[3].
Section 76 of the Restatement upon which American relies for its cause of action provides:
A person who in whole or in part has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other is entitled to indemnity from the other unless the payor is barred by the wrongful nature of his conduct.
The comment to the Restatement explains that this principle becomes applicable only where the payor becomes obligated to pay because of the consent or fault of the principal obligor. In absence of consent or fault, the “duty of indemnity to the payor can be based only upon the ground that the payment is beneficial [to the principal obligor]. Hence there is no such duty of indemnity unless the payment discharges the primary obligor from an existing duty____” Comment (b), Restatement of Restitution § 76 (1937).
There is no contention that Allstate agreed that American rather than Allstate should make payment to Bergstrom. Nor did American’s payment discharge Allstate from an existing duty — by the time American paid Bergstrom, Allstate’s duty to its insured and hence to Bergstrom had already been adjudicated by the declaratory judgment. Thus, to obtain restitution, American must establish that Allstate was at fault in denying coverage. This fault, according to American, is that Allstate’s policy exclusion of liability for intentional acts violates the requirements of Arizona’s Financial Responsibility Act (the Uniform Motor Vehicle Safety Responsibility Act, *226 A.R.S. § 28-1101-1225) and therefore its denial of coverage was wrongful.
We need not determine whether, as a matter of law, an exclusion for intentional acts is invalid under the Financial Responsibility Act. Rather, we prefer to dispose of this matter upon a determination of whether under the circumstances of this case, Allstate’s refusal to provide coverage for the Bergstrom/Carrillo incident was “wrongful”. In making this determination, an analysis of the cases cited by American to support its theory of indemnity is helpful.
Aetna Casualty and Surety Co. v. Nationwide Mutual Insurance Co., 471 F.Supp. 1059 (M.D.Pa.,1979) aff’d, 620 F.2d 287 (3d Cir.1980), cited by American is illustrative. In that case, Aetna had been obligated to pay out benefits under the uninsured motorist provision of its policy when the primary insurer, Nationwide, denied coverage to its insured. Nationwide’s refusal was based on its belief that the vehicle driven by its insured at the time of the accident was not “an insured automobile” within the terms of its policy. Nationwide notified its insured by letter that it was denying coverage. The district court found that Nationwide had failed to conduct an adequate investigation to determine whether the automobile was covered within the terms of the policy. Furthermore, the court found that state law was clear on what constituted a “replacement vehicle” within the terms of the policy so as to authorize coverage. Because of this negligence on the part of Nationwide, the court found that the company’s denial of coverage was wrongful.
The court held that “a secondary insurer has a cause of action against the primary insurer for wrongful refusal to provide coverage. To hold otherwise would put an undue strain on Pennsylvania’s uninsured motorist statute____” Id. at 1066. The court based Aetna’s right to indemnification on the fact that “the Defendant wrongfully denied coverage when it was the primary carrier and should have paid the obligation.” Id. at 1067 (emphasis added). It found that:
Under Pennsylvania law, where the wrongful acts of the Defendant have involved the Plaintiff in litigation with others or placed him in such relations with others as to make it necessary to incur costs and expenses to protect his interests, such costs and expenditures should be treated as legal consequences of the original wrongful act. (citation omitted). Id.
Arizona cases have in other contexts recognized a right to restitution based on indemnity as expressed in § 76 of the Restatement of Restitution. See A.I.D. Insurance Services v. Riley, 25 Ariz.App. 132, 541 P.2d 595 (1975). Nevertheless, in the instant case, American’s claim against Allstate must fail for the simple reason that Allstate’s actions in denying coverage were in no way wrongful.
Allstate’s actions stand in stark contrast to the actions of the insurance company which the district court in Aetna found gave rise to a right of indemnity. Allstate defended its insured Carrillo in the tort action under a reservation of rights. It then filed an action for declaratory judgment in which both Carrillo and Bergstrom were named as defendants seeking a declaration of its rights and obligations under the policy. Allstate obtained a judgment declaring that it had no liability or duty to Carrillo or Bergstrom.[4] In addition, the position urged by American, that the “intentional acts exclusion” is invalid under the Financial Responsibility Act, has never been decided by any court in Arizona. Allstate argues that longstanding public policy has prohibited a person from insuring himself against his own intentional, malicious, or willful acts, See 6B J. Appleman, Insurance Law and Practice § 4252 (Buckley ed. 1979) and cases cited therein, and there is case law which arguably sup-
*227 ports the view that Arizona follows this policy. The language of the Financial Responsibility Act does not specify an intent to abrogate that policy. Because this issue has never been decided by the courts of this state, Allstate’s actions in this case did not contravene clearly established state law.
Another reason why restitution is inappropriate is that American’s obligation to its insured can be attributed, at least in part, to its own fault. American had actual knowledge of Allstate’s action for declaratory relief prior to the entry of judgment and prior to making any payment to its insured. Nevertheless, American did not move to intervene in the declaratory judgment proceeding even though it knew that a finding in that proceeding that Allstate was not liable would mean that it would be required to make payment to Bergstrom under the uninsured motorist provision of its policy. American failed to take any action to protect its rights. This therefore is not a situation where a “payor became a party to the transaction through the fault of the other.” Aetna Casualty and Surety Co., supra, at 1067. We therefore find that the facts do not establish the wrongful conduct on the part of Allstate which would entitle American to indemnity.
Allstate argues that in any event its obtaining of the declaratory judgment adjudicated the validity of its exclusion clause and American is bound by that adjudication under principles of res judicata or collateral estoppel. We need not go so far. We simply hold that where an insurer has sought and obtained a valid judicial determination of its liability under its policy, a reliance upon that adjudication in denying coverage is not “wrongful” for the purpose of establishing indemnity in a third party under § 76 of the Restatement of Restitution.
Because we find that American has failed to show wrongful conduct which would entitle it to indemnity from Allstate, we need not reach the other issues raised by Allstate in this appeal.
The judgment of the superior court is reversed.
Allstate as the successful party on appeal is awarded attorney’s fees pursuant to A.R.S. § 12-341.01 and Rule 21(c)(1), Arizona Rules of Civil Appellate Procedure.
KLEINSCHMIDT, P.J., and GREER, J., concur.

. Bergstrom’s policy with American provided for $30,000.00 in uninsured motorist coverage, while the limits of the Allstate policy with Carrillo was $15,000.00. However, American does not contend that Allstate’s action against Bergstrom was collusive. Moreover, if any aspect of the Allstate/Bergstrom litigation is tainted with "bad faith”, this arose solely on Bergstrom’s part in defending against that action.

. American in its brief states that it learned for the first time on March 13, 1980 that judgment had been entered for Allstate in the declaratory judgment proceeding. It does not dispute, however, that it had notice prior to that time that the declaratory judgment action was pending. The record also indicates that on November 16, 1979 Bergstrom’s attorney notified American by letter that Allstate had denied liability to Carrillo under its policy.

. The uninsured motorist statute, A.R.S. § 20-259.01, was amended in 1982 to allow subrogation.

. The court in Aetna refers to Nationwide's failure to file for a declaratory judgment. Presumably then, this would have been a proper way for Nationwide to have determined the extent of coverage under its policy and avoid a "wrongful” refusal of coverage.