UNITED FOOD & COMMERCIAL WORKERS & EMPLOYERS ARIZONA HEALTH & WELFARE TRUST, a Trust; Dennis Davison; Raymond Florom, Plaintiffs-Appellees,

v.

Renee Ann PACYGA, Defendant-Appellant.

No. 85–2860.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 1986.

Decided Oct. 7, 1986.

David L. Niederdeppe, Ward & Keenan, Phoenix, Ariz., for plaintiffs-appellees.

Elliott Wolfe, Langerman, Begam, Lewis & Marks, Phoenix, Ariz., for defendant-appellant.

Before WRIGHT and FARRIS, Circuit Judges and REA,* District Judge.

REA, District Judge:

Defendant-Appellant Pacyga was injured in an automobile collision, and claimed medical benefits from the ERISA welfare benefit plan of her employer in Arizona. In order to collect these benefits, Pacyga was required by the United Food and Commercial Workers and Employers Arizona Health and Welfare Trust [hereinafter the Plan] to execute a document promising to reimburse the Plan if she were to collect damages from the third party who was liable for the automobile collision. Pacyga executed the form under protest, and received the medical benefits.

---

* Honorable William J. Rea, United States District Judge, Central District of California, sitting by designation.

The Plan and two trustees then brought this declaratory judgment action, seeking a determination that its reimbursement requirement was enforceable under Arizona law, in spite of a common law prohibition on assignment of third party claims in Arizona. The district court, Hardy, J., held on cross motions for summary judgment that the subrogation clause in the Plan was valid, because the prohibition on assignment of third party claims in Arizona was preempted by ERISA, and, in any event, that Arizona law would not apply the anti-subrogation law to an ERISA plan.

We affirm the district court's order granting summary judgment. ERISA preempts any state law that relates to an ERISA plan, unless the plan provides its benefits by way of insurance, inasmuch as ERISA contains a savings clause that exempts state laws regulating insurance companies and insurance contracts from the general rule of preemption. The Plan in the instant appeal is self-funded, with reimbursement coverage only for catastrophic losses, and is therefore not insured. ERISA thus precludes application of the savings clause in this case.

## FACTS

Appellant Renee Ann Pacyga was employed at Fry's Market under a collective bargaining agreement with the United Food and Commercial Workers Union. In 1968, pursuant to this collective bargaining agreement, the employer established a Trust Fund to provide a welfare benefit plan to Fry's employees. The Plan is entirely self-funded, through employer contributions of $126 per eligible employee per month. The Plan is insured against aggregate catastrophic losses by a "stop-loss" policy, which has never been tapped. The policy would pay funds directly to the Plan if the aggregate amount were reached. In addition, the Plan separately provides life insurance benefits and accidental death and dismemberment benefits through an insurance policy.

The plan is administered by Trustees appointed from labor and management, and gives the Trustees the power to devise a plan of health benefits for the beneficiaries of the Plan. In January, 1982, the Trustees adopted a provision in the Plan which allows payment of medical benefits to a participant injured by a third party's fault only if the participant agrees to reimburse the Plan through any recovery against that third party.

In April, 1983, Pacyga was injured in an automobile collision, and it appeared that a third party was at fault. When she made a claim for medical benefits against the Plan, the Trustees requested that she agree to reimburse the Plan through the proceeds of any third party recovery she might win. Pacyga agreed to do so under protest, and the instant declaratory judgment action was born.

In Arizona, the practice of assigning prejudgment personal injuries claims is prohibited by common law. *Allstate Ins. Co v. Druke*, 118 Ariz. 301, 576 P.2d 489 (1978); *Harleysville Mutual Ins. Co. v. Lea*, 2 Ariz.App. 538, 410 P.2d 495 (1966). The parties agree that the subrogation clause in the health benefit provisions would violate this prohibition if ERISA were not found to preempt the law.

In the district court, the parties stipulated that there were no genuine issues of fact, and made cross motions for summary judgment. The district court entered Judgment for plaintiffs, the Trust Fund, and Trustees.

## STANDARD OF REVIEW

A district court's grant of summary judgment is reviewed *de novo*. *Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983). In cross motions for summary judgment, the parties agreed that there were no genuine issues of fact. Therefore, this court need only decide whether the substantive law was properly applied. *Amaro v. Continental Can Co.*, 724 F.2d 747, 749 (9th Cir.1984).

## DISCUSSION

ERISA § 514(a) provides in pertinent part as follows:

the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

29 U.S.C. § 1144(a). This section is seen as a broad preemption statute, *Shaw v. Delta Air Lines Inc.*, 463 U.S. 85, 91, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983), preempting any state law that is not encompassed within the insurance savings clause of ERISA. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 2394, 85 L.Ed.2d 728 (1985).

The insurance savings clause, § 514(b)(2)(A), provides as follows:

Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance....

29 U.S.C. § 1144(b)(2)(A). Unless the states were precluded from deeming any Plan to be an insurance company, this provision would nullify the preemption clause to a significant extent. But ERISA limits the states through operation of the "deemer" clause, § 514(b)(2)(B), which provides as follows:

Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company, ... for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts.

29 U.S.C. § 1144(b)(2)(B).

■ The U.S. Supreme Court cases addressing the issue of preemption of state statutes by § 514 have begun with the question of whether the challenged state statute "related to" employee benefit plans within the meaning of § 514(a). *E.g. Metropolitan Life Ins. Co. v. Massachusetts*, 105 S.Ct. at 2389; *Shaw v. Delta Air Lines Inc.*, 463 U.S. at 98–101, 103 S.Ct. at 2900–2902. The Supreme Court in *Shaw v. Delta Air Lines* discussed the "relates to" provision of ERISA, in holding that the New York Human Rights and Disability Benefits Law "related to" an ERISA plan. The Court stated that "[a] law 'relates to'

an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines Inc.*, 463 U.S. at 96–97, 103 S.Ct. at 2899–2900. The Court applied this definition to the laws in question in *Shaw*, and held that the laws "prohibit[ed] employers from structuring their employee benefit plans in a manner that discriminates on the basis of pregnancy," and required employers to pay employees specific benefits. These requirements "related to" plans and, thus, called into play the preemption clause. *Shaw v. Delta Air Lines Inc.*, 463 U.S. at 96–97, 103 S.Ct. at 2899–2900. The Court stated that Congress meant to use the statutory words in their broadest sense. *Id.* at 97, 103 S.Ct. at 2900.

The Arizona antisubrogation law relates to the ERISA Plan in question here. The law would prohibit employers from structuring their employee benefit plans in a manner that requires reimbursement in the event of recovery from a third party.

■ In this Circuit, there is also a requirement that the state law be a rule which "purports to regulate" ERISA plans. *Martori Bros. Distributor v. James-Massengale*, 781 F.2d 1349 (9th Cir.1986). *Martori* found this second prong in *Lane v. Goren*, 743 F.2d 1337 (9th Cir.1984), which held that the California Fair Employment and Housing Act, as applied to employees of a Trust which administered an ERISA plan, did not regulate the Plan as a plan, but only as any other employer would be regulated. The Arizona law in question here, on the other hand, is a law which purports to regulate the Plan as a plan, inasmuch as it disallows a specific provision of the Plan, rather than regulating the activities of the Plan that are common to other groups.

■ Inasmuch as the Arizona antisubrogation law "relates to" and "purports to regulate" an ERISA plan, the next step in the court's inquiry is to determine whether the law also regulates insurance, and would therefore be exempt from the pre-

emption provision absent some exception. ERISA § 514(b)(2)(A); 29 U.S.C. § 1144(b)(2)(A). Three factors are relevant to that question: (1) whether the practice has the effect of transferring or spreading the policyholder's risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and (3) whether the practice is limited to entities within the insurance industry. *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 129, 102 S.Ct. 3002, 3008, 73 L.Ed.2d 647 (1982). No one factor is dispositive; rather, each is instructive. *Id.*

■ The parties agree that the first criterion is met, that the practice of disallowing subrogation clauses transfers the policyholder's risk. In *Pireno*, where peer review committees were used to determine the reasonableness of medical charges, the practice was held to be distinct from the insurance contracts with the policyholders. The Court thus found that the second criterion had not been met in that case. Contrasted with *Pireno* is the instant situation, where the subrogation clauses of insurance policies struck down by the Arizona Supreme Court in *Druke* were an integral part of the policies. The Arizona law prohibiting subrogation regulates an explicit part of the relationship between insurer and insured and therefore satisfies the second requirement.

The third requirement, that the practice be limited to entities within the insurance industry, is less significant because the other two factors have been met. Many of the Arizona cases relating to the law prohibiting assignment of personal injury causes of action have been insurance cases. *E.g. Allstate Ins. Co. v. Druke*, 118 Ariz. 301, 576 P.2d 489; *Harleysville Mutual Ins. Co. v. Lea*, 2 Ariz.App. 538, 410 P.2d 495. However, one reason given in *Harleysville* for the antisubrogation law was the prevention of unscrupulous persons from trafficking in causes of action. *Harleysville Mutual Ins. Co. v. Lea*, 2 Ariz.App. 538, 410 P.2d 495. The law is enforced against both insurance companies and private parties, but would apply in this instance.

Since the practice is one which regulates insurance, the court must next decide whether the Plan in issue here is "deemed" to be an insurance company, or whether it is actually an insurance company providing insurance contracts. The Supreme Court in *Metropolitan Life Ins. Co. v. Massachusetts*, noted that "[p]lans may self-insure or they may purchase insurance for their participants. Plans that purchase insurance—so-called 'insured plans'—are directly affected by state laws that regulate the insurance industry." 105 S.Ct. at 2385. The Court held that the Massachusetts law which mandated certain mental health benefits in insurance policies could be applied to insured ERISA plans. The Court stated

We are aware that our decision results in a distinction between insured and uninsured plans, leaving the former open to indirect regulation while the latter are not. By so doing we merely give life to a distinction created by Congress in the 'deemer clause,' a distinction Congress is aware of and one it has chosen not to alter.

105 S.Ct. at 2393.

■ This court has recently addressed the deemer clause in relation to self-insured plans in *Moore v. Provident Life and Accident Ins. Co.*, 786 F.2d 922 (9th Cir.1986). We held that a self-insured ERISA Plan, which carried "stop-loss" insurance, nevertheless was not an insurance company, nor did it issue insurance contracts within the meaning of *Metropolitan Life Ins. Co. v. Massachusetts*. The type of stop-loss insurance carried by the Plan herein cannot be termed health insurance, nor can it be said that the Plan is providing an insurance contract to its participants. The stop-loss coverage provides for payment to the Plan of up to $1.5 million to reimburse the Plan in the event that it must pay out more than a certain amount in claims in a given year. The stop-loss insurance does not pay benefits directly to participants, nor does the insurance company take over administration of the Plan at the point when the aggregate amount is reached. Thus, no insurance is provided to

the participants, and the Plan should properly be termed a non-insured plan, protected by the deemer clause and preemptive of the Arizona antisubrogation law.

The fact that the Plan also provides certain other types of benefits to its participants, and that those benefits are partly paid by an insurance policy, does not change this result. The Plan herein pays life insurance benefits and accidental death and dismemberment benefits partially with insurance. However, these benefits are completely separate from the health benefits provided by the Plan, and the subrogation clause appears in the health benefits pamphlet. These other types of benefits provided by the Plan are not amenable to the assignment requirements for payment of health benefits and should not take the Plan out of the protection of the deemer clause.

## CONCLUSION

The motion for summary judgment was properly granted because ERISA protects this Plan and its provisions from regulation by state insurance laws. The Plan is self-funded through substantial employer contributions, and has prudently purchased protection against catastrophic losses. The Plan provisions would have to be "deemed" to be insurance in order for the insurance savings clause to uphold the Arizona law, and such a "deeming" is specifically proscribed by ERISA. The judgment is affirmed.