174 N.J. Super. 1 (1980)
414 A.2d 1371
ABNER RICHMAN BY HIS AGENT, HERBERT R. HUNT, PLAINTIFF-APPELLANT,
v.
SIMON L. PRATT, JR., AND GERALDINE PRATT, DEFENDANTS, AND TRAVELERS INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 29, 1980.
Decided May 12, 1980.
*2 Before Judges LORA, ANTELL and PRESSLER.
William K. Lodge for appellant.
Horn, Kaplan, Goldberg & Gorney for respondent (Joel A. Greenberg on the brief).
PER CURIAM.
Plaintiff obtained a judgment for $982.17 against defendant Pratt on August 15, 1978. Execution was thereafter levied upon monies allegedly owing to defendant from Travelers Insurance Company (Travelers) in the form of PIP medical expense benefits and income continuation benefits owing under its No-Fault *3 insurance policy. N.J.S.A. 39:6A-4(a), (b). The precise nature of this appeal cannot be succinctly stated since we have not been furnished with a copy of the order under review and the procedural history is altogether unclear. However, we gather from the trial judge's letter opinion of January 18, 1979 that the subject for review consists of the trial judge's determination that the "execution levied herein [be] vacated and all proceedings in aid thereof quashed" on the ground that the insurance benefits are exempt from the claims of creditors.
Conceding the absence of any specific statutory basis for his ruling, the trial judge nevertheless concluded that the benevolent overall legislative policy expressed by the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq., requires that such monies be treated as secured from the claims of creditors. We disagree and reverse.
Under N.J.S.A. 2A:17-57 and 58 a judgment creditor is free to levy upon the "rights and credits" of a judgment debtor except for such property "as is reserved or exempt by law." It appears from the record herein that defendant is an absconding debtor. Also relevant is N.J.S.A. 2A:17-50 which allows execution against "the ... debts ... of the judgment debtor." The general rule is that exemptions from execution "are mere creatures of statute or constitutional enactment" and do not exist at common law. General Motors Accept. Corp. v. Falcone, 130 N.J. Super. 517, 520 (Cty.Ct. 1974); see 35 C.J.S. Exemptions § 1; 31 Am.Jur.2d, Exemptions, § 2. Furthermore, statutes in aid of judgment should be liberally construed in favor of the creditor. Mechanics Finance Co. v. Austin, 8 N.J. 577, 582 (1952).
As the trial judge in his letter opinion of January 18, 1979 correctly noted, other enactments expressing comparable legislative policies, such as those providing for disability health insurance, workers' compensation, unemployment compensation and temporary disability payments, expressly exempt such benefits *4 from execution by judgment creditors. He incorrectly concluded, however, that "[n]o reason in logic or policy emerges which dictates a different result in the case of PIP benefits." The reason which he overlooked is that this statute, unlike the others, has no such provision for the exemption of PIP benefits. The Legislature's omission of words of unmistakable meaning which it used in other enactments compels the conclusion that the omission was intentional. See Keenan v. Essex Cty. Bd. of Chosen Freeholders, 101 N.J. Super. 495, 505-507 (Law Div. 1968), aff'd 106 N.J. Super. 312 (App.Div. 1969). On this principle, in Passaic Nat'l Bank, etc., Co. v. Eelman, 116 N.J.L. 279 (Sup.Ct. 1936), the court reasoned that since an exemption from execution and garnishment is "ordinarily derived from statute," it was "reasonable to assume that its omission from the pension statute in question was significant and purposeful." Id. at 286, 183 A. at 681. We therefore conclude that the trial judge erred in vacating plaintiff's writ of execution upon monies owing by Travelers to defendant Pratt under its No-Fault policy.
Plaintiff's application for counsel fees pursuant to R. 4:42-9(a)(6) is denied. The claim here asserted is not made "upon a liability or indemnity policy of insurance."
Reversed.