**In re Sara Rose HOFFPAUIR and John Calvin Hoffpauir, Debtors.**

**Bankruptcy No. B-90-00888-PHX-SSC.**

United States Bankruptcy Court, D. Arizona.

Dec. 31, 1990.

Gary R. Stickell, Tempe, Ariz., for debtors.

Virginia Freeman, Don A. Beskrone, Davis & Lowe, P.C., Phoenix, Ariz., for trustee.

Stanley W. Fogler, Phoenix, Ariz., Chapter 7 Trustee.

## MEMORANDUM DECISION AND ORDER

SARAH SHARER CURLEY, Bankruptcy Judge.

### PRELIMINARY STATEMENT

On March 22, 1990, the Trustee of the Chapter 7 estate of Sara Rose Hoffpauir and John Calvin Hoffpauir filed an Objection to the Debtors' Claim of Exemptions as to proceeds received from a personal injury action. On April 3, 1990, the Debtors filed a Response to the Trustee's Objection.

At the initial hearing on this matter on July 6, 1990, this Court set up a briefing schedule with the parties to submit on July

20, 1990 simultaneous memoranda of law and a Stipulation as to the Facts.

On August 20, 1990, this Court rendered its decision on the record. This Order incorporates and amplifies that decision.

This Court has jurisdiction over this matter, and this is a "core" proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

## FACTUAL STATEMENT

The Debtors filed their bankruptcy petition on January 26, 1990.

The Debtor is requesting that a personal injury award in her favor be paid to her directly pursuant to the automobile liability policy of the insured driver involved in the automobile accident who has admitted negligence and liability as to the Debtor.

The following additional facts (some of which are mixed findings of fact and conclusions of law) have been stipulated to by the parties:

1. Sara Hoffpauir was injured in a prepetition automobile accident, and filed suit against the other driver. A defense was interposed by Allstate Insurance Co. ("Allstate"), and the claim was not settled prior to bankruptcy. The claim is property of the estate. (*Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705 (9th Cir.1986).)

2. The suit resulted in an arbitration award for Sara Hoffpauir in the amount of $1,400.00, after which Allstate made an offer of $3,501.00. The other driver admits liability and negligence.

3. Sara Hoffpauir is not the "insured," as said term is defined under the Allstate policy; the policy does not designate a beneficiary.

4. Sara Hoffpauir's injuries are not work-related, and she will not be compensated for her injuries from an employer-related policy of health, accident or life insurance.

5. Arizona has no Statute that exempts personal injury claims.

## LEGAL ISSUE

I. Whether a personal injury award is within the parameters of Ariz.Rev.Stat. Ann. ("A.R.S.") § 33–1126, the Arizona Statute which exempts certain money benefits or proceeds. This issue may be divided into the following subissues:

(a) Whether all accident insurance policies are within the parameters of A.R.S. § 33–1126(A)(3).

(b) Whether an individual injured in an automobile accident is a "beneficiary" within the meaning of A.R.S. § 33–1126(A)(3).

(c) Whether an automobile insurance liability policy is a policy of "accident" insurance for purposes of A.R.S. § 33–1126(A)(3).

## DISCUSSION

The Trustee's arguments may be summarized as follows:

The exemptions are set forth in the Statute, and any claim therefor must come within the exemption Statute. A.R.S. § 33–1126(A)(3) is limited to employer-related policies, not to any proceeds that may be received under a third party's automobile insurance liability policy.

Even if the Statute were construed as Debtors contend, Ms. Hoffpauir, one of the Debtors herein, is neither an "insured" nor a "beneficiary" under the policy.

The Debtors counter as follows:

A.R.S. § 33–1126(A)(3) applies (a) to any policy of health, accident or disability insurance and (b) to any similar plan, etc., provided by an employer. Therefore, the Debtor argues that the provisions of the Statute are severable. To the extent that the Statute is ambiguous, exemption statutes are to be construed broadly and "the resolution of the ambiguity should be in favor of the exemption of the personal injury award."

A.R.S. § 33–1126(A)(3) is unconstitutional as it provides fewer exemptions than does the Federal scheme. 11 U.S.C. § 522(b)(1) impermissibly delegates Congressional authority to the States.

The policy does not state a beneficiary, and "any normal usage" of the term shows that Sara is "clearly" a "beneficiary" under the Allstate policy, since she is entitled to receive the benefits of the policy.

The Debtors have already stipulated to the fact that Sara Hoffpauir is not a named insured under the policy. (See Stipulated Facts.) Therefore, that portion of the Trustee's argument is apparently conceded by the Debtors.

This Court further notes preliminarily that the Arizona Statute does not appear to be constitutionally infirm. In the only case that the Debtors have cited for that proposition, that Court was subsequently reversed on appeal. *Rhodes v. Stewart*, 705 F.2d 159 (6th Cir.1983), reversing *In re Rhodes*, 14 B.R. 629 (Bankr.M.D.Tenn. 1981).

The Court also notes that the Debtors are not entitled to the exemptions provided under Section 522(d) of the Bankruptcy Code. Arizona has chosen to "opt out" of this Federal scheme of exemptions. A.R.S. § 33–1133(B).[1]

ISSUE I(a) DISCUSSION

■ State exemption statutes should be liberally construed. However, this Court is not authorized to reduce or enlarge the exemptions, and this Court cannot read into a statute an exemption that is not set forth. *Tignor v. Parkinson*, 729 F.2d 977, 981 (4th Cir.1984).

This Court is aware that at least one Bankruptcy Court has held that even if no specific statutory exemption exists, a Court may "create" an exemption as to a personal injury claim, if case law provides that a debt must be certain and not contingent to be attached or executed upon under applicable State law. *In re Mitchell*, 73 B.R. 93 (Bankr.E.D.Mo.1987). The argument is that a personal injury claim is contingent, that it cannot be attached under State law, and that, therefore, said claim is exempt.

Such an argument has a certain visceral appeal. However, another Bankruptcy Judge in reviewing the same case law concluded that general provisions concerning the nonassignability of contingent claims did not create an exemption under State law. *In re Gaines*, 106 B.R. 1008 (Bankr. W.D.Mo.1989).

■ Arizona case law does provide that a personal injury claim or its proceeds may not be assigned, and no right of subrogation exists. *Harleysville Mutual Insurance Company v. Lea*, 2 Ariz.App. 538, 410 P.2d 495 (1966); *State Farm Fire and Casualty Company v. Knapp*, 107 Ariz. 184, 484 P.2d 180 (1971); *Allstate Ins. Co. v. Druke*, 118 Ariz. 301, 576 P.2d 489 (1978) and *Karp v. Speizer*, 132 Ariz. 599, 647 P.2d 1197 (Ct.App.1982).

■ However, if statutory *exemptions* are specific[2], as they are in Arizona, and certain claims or property are omitted therefrom, this Court can only conclude the Legislature intentionally made the omission. For instance, one Appellate Court noted that the New Jersey Statutes exempted disability health insurance, workers' compensation, unemployment compensation, and temporary disability payments, but that the Statutes were silent as to an exemption for personal injury claims. *Richman v. Pratt*, 174 N.J.Super. 1, 414 A.2d 1371 (N.J.Super.A.D.1980). The Appellate Court concluded

> The Legislature's omission of words of unmistakable meaning which it used in other enactments compels the conclusion that the omission was intentional.

*Id.* 414 A.2d at 1372. The better argument is that the *Statute* to be reviewed must contain unequivocal language that the property, claim or asset is exempt. Moreover, A.R.S. § 33–1133(B) clearly states that Arizona debtors are only entitled to the exemptions set forth in the Constitution or *Statutes* of Arizona. (See Footnote 1 *supra*.) No Statute in Arizona provides an

---

**1.** A.R.S. § 33–1133(B) provides that:
B. Notwithstanding subsection A, in accordance with 11 U.S.C. 522(b), residents of this state are not entitled to the federal exemptions provided in 11 U.S.C. 522(d). Nothing in this section affects the exemptions provided

to residents of this state by the constitution or statutes of this state.

**2.** See A.R.S. §§ 33–1101, 33–1123 to 33–1125 for specific statutory exemptions.

exemption as to personal injury claims. The Debtors apparently concede the point that a personal injury claim is not exempt under the Arizona Statutes. (See Stipulated Facts.)

The Debtors argue that if the personal injury claim is not exempt under Arizona law, the proceeds received therefrom somehow are exempt. If the Arizona Legislature had intended to exempt either the personal injury claim or the claim's proceeds, such an intent would have been specifically set forth in the Statutes. Such is not the case. Therefore, the Debtors must search the Arizona Statutes, and attempt to interpret certain provisions much too broadly to achieve the desired result.

■ Concerning a potential exemption of the proceeds from a personal injury claim, the Debtors rely on A.R.S. § 33–1126(A)(3), which provides in pertinent part:

§ 33–1126. **Money benefits or proceeds; exception**

A. The following property of a debtor shall be exempt from execution, attachment or sale on any process issued from any court:

\* \* \* \* \* \*

3. All money, proceeds or benefits of any kind to be paid in a lump sum or to be rendered on a periodic or installment basis to the insured or any beneficiary under any policy of health, accident or disability insurance or any similar plan or program of benefits in use by any employer, except for premiums payable on such policy or debt of the insured secured by a pledge, and except for collection of any debt or obligation for which the insured or beneficiary has been paid under the plan or policy and except for payment of amounts ordered for support of a person from proceeds and benefits furnished in lieu of earnings which would have been subject to such order and subject to any exemption applicable to earnings so replaced.

The Debtors urge that the Statute should be broken down into two discrete sections: an exemption for "any policy of health, accident, or disability insurance

*and*

an exemption for "any similar plan or program of benefits in use by any employer,...."

There is no Legislative History on this point. The Court concludes that the Debtors' interpretation of the Statute is not correct. First, the Debtors' interpretation of the Statute might be correct if a comma appeared immediately before the word "or", so that the Statute would read as follows:

§ 33–1126. **Money benefits or proceeds; exception**

A. The following property of a debtor shall be exempt from execution, attachment or sale on any process issued from any court:

\* \* \* \* \* \*

3. All money, proceeds or benefits of any kind to be paid in a lump sum or to be rendered on a periodic or installment basis to the insured or any beneficiary *under any policy of health, accident or disability insurance[,] or any similar plan or program of benefits in use by any employer* ... [Emphasis added.]

However, the Statute is not punctuated that way. Moreover, the Statute simply is not drafted in a format that would support Debtors' interpretation. The intent of the Legislature seems to focus on the plans or programs in effect by various employers, and the recognition that these plans are not always designated a "health plan", but the purpose or effect of such a plan is that of a health plan.

The Court must conclude as to the first legal subissue that A.R.S. § 33–1126(A)(3) does not include *all* policies of accident insurance; only those in use by an employer.

### ISSUE I(b) DISCUSSION

■ The Debtor urges that it is a "beneficiary" pursuant to the policy of "accident" insurance of Allstate and, as such, within the parameters of A.R.S. § 33–1126(A)(3). The Court has already stated that the policy of automobile liability insurance of Allstate is not within the parameters of the Statute—only those poli-

cies of accident insurance which an employer has in effect for its employee. The Court notes that there is an additional reason to deny the relief requested in that the Debtor is not a "beneficiary" within the meaning of the Statute.

The term "beneficiary" is not defined in the Arizona Statutes regarding insurance. The Arizona Insurance Statutes which do mention the term "beneficiary" all pertain to life or accident policies, *e.g.*, A.R.S. §§ 20–892, 20–1104, 20–1108, 20–1127, 20–1131, 20–1132, 20–1218, 20–1608 ("named" beneficiary). A.R.S. § 14–2808, Decedents' Estates, similarly refers to the "insured and the beneficiary in a policy of life or accident insurance."

*Black's Law Dictionary* (5th ed. 1986) provides the following specific definition for "beneficiary" in the insurance context.

> *Insurance.* The person entitled to take proceeds on death of insured.

There is also provided in *Black's* a definition for "Primary Beneficiary" under "insurance" as

> In life insurance, the person named in the policy who is to receive the proceeds on the death of the insured if such person is alive. If deceased, the proceeds are payable to a secondary beneficiary also designated as such in the policy.

A "Third Party Beneficiary" is

> One for whose benefit a promise is made in a contract but who is not a party to the contract. *Chitlick v. Allstate Ins. Co.*, 34 Ohio App.2d 193, 299 N.E.2d 295, 297, 63 Ohio Op.-d 364 (1973). A person not a party to an insurance contract who has legally enforceable rights thereunder.

In reviewing *Chitlick*, this Court notes that there are factual similarities to this matter. Chitlick was injured in an auto accident by one Janssen, whose car was insured by Allstate. Allstate paid a sum for property damage only, and Chitlick thereafter filed suit directly against Allstate for his personal injuries. The Trial Court dismissed the complaint on Allstate's motion, and the Appellate Court affirmed pursuant to *F.R.Civ.P.*, 12(b)(6). The Appellate Court stated that

> it must be shown that the contract was made and entered into with the intent to benefit the third person. A mere incidental or indirect benefit is not sufficient to give him a right of action. *299 N.E.2d at 297.*

The Appellate Court held

> in the absence of statute or special provision in the policy, a standard liability insurance policy is not a contract for the benefit of a third person. The contract is made with the intention of benefitting the insured, not someone whom he injures.

*Id.* at 298. Thus, the Court concluded that, in order to bring suit against the company, the injured party must first proceed to judgment against the insured. *Id.* Assuming that the injured party subsequently obtained a judgment against the insured, the injured party would then be able to recover on the liability insurance. However, an injured party is normally not within the parameters of a "beneficiary" or "third party beneficiary" under the policy.

In one case, the Court ruled in favor of an injured party under a liability policy; however, the actual texts of the statutes are not set forth in the opinion. *Storm v. Nationwide Mutual Insurance Company*, 199 Va. 130, 97 S.E.2d 759 (1957). *United Services Automobile Association v. Nationwide Mutual Insurance Company*, 218 Va. 861, 241 S.E.2d 784 (1978) cites *Storm* with approval for the same proposition. However, irrespective of the use of the term "beneficiary", Virginia law requires that the injured person must still reduce his/her claim to judgment before bringing a claim against the tortfeasor's liability insurer.

 In any event, this Court concludes the better analysis is that a statutory "beneficiary" normally does not include an injured party that only receives an indirect or incidental benefit.

Therefore, the Debtor is not a "beneficiary" within the contemplation of A.R.S. § 33–1126(A)(3).

### ISSUE I(c) DISCUSSION

Finally, this Court notes that there is no indication that an "accident" policy as de-

fined in A.R.S. § 33–1126(A)(3) includes an automobile liability insurance policy. *Black's Law Dictionary* (5th ed. 1986) refers to several types of insurance contracts under the term "accident". One of the subheadings in *Black's* under the term "accident" is "automobile." *Black's*, therefore, refers to the applicable insurance contract as an *automobile liability policy* if one is involved in an accident concerning an automobile. Arguably an "accident policy" as set forth in A.R.S. § 33–1126(A)(3) does not include an automobile liability policy, but only that type of insurance contract supplied by an employer whereby an employee may recover for accidental injuries.

Based upon the foregoing, the Court must conclude that on at least three separate grounds, the Arizona Statute concerning exemption of money benefits or proceeds (A.R.S. § 33–1126) does not include a personal injury award payable from an automobile liability policy of the insured driver at fault.

IT IS SO ORDERED.