**In re Ronda Liane HUMMEL, Debtor.**

**Trudy A. Nowak, Chapter 7 Trustee, Appellant,**

v.

**Ronda Liane Hummel, Appellee.**

**In re Joan A. Tober, Debtor.**

**Beth Lang, Chapter 7 Trustee, Appellant,**

v.

**Joan A. Tober, Appellee.**

**BAP Nos. AZ–10–1202–JuBaPa, AZ–10–1206–JuBaPa.**

**Bankruptcy Nos. 10–02018– EWH, 09–32894–EWH.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Oct. 22, 2010.

Decided Nov. 19, 2010.

Appellant Trudy A. Nowak, Esq., Rochester, NY, argued for herself and appellant Beth Lang.

Alan R. Solot, Esq., Tucson, AZ, argued for appellees Ronda L. Hummel and Joan A. Tober.

Before: JURY, BAUER,[1] and PAPPAS, Bankruptcy Judges.

## OPINION

JURY, Bankruptcy Judge.

Chapter 7[2] trustee Trudy A. Nowak ("Nowak") appeals the bankruptcy court's order overruling her objection to debtor Ronda L. Hummel's ("Hummel") exemption under Ariz.Rev.Stat. § 33–1126(A)(6) and § 20–1131(D) (BAP No. 10–1202).

Chapter 7 trustee Beth Lang ("Lang") appeals the bankruptcy court's order overruling her objection to debtor Joan A. Tober's ("Tober") exemption under Ariz. Rev.Stat. § 33–1126(A)(7) (BAP No. 10–1206).

Both appeals involve the construction of the identical phrases contained in Ariz. Rev.Stat. §§ 33–1126(A)(6)[3] and (7), which allow a debtor to exempt the cash surrender value of life insurance policies and proceeds of annuity contracts if they name certain beneficiaries. At issue is whether either subsection of the statute requires that a child named as a beneficiary also be a dependent of the debtor in order for the debtor to obtain the exemption.

As a matter of first impression in Arizona, we hold that the statute imposes

such a requirement and REVERSE the bankruptcy court's order in each appeal.

## I. BACKGROUND

**The Hummel Bankruptcy—BAP No. 10–1202**

On January 27, 2010, Hummel filed her chapter 7 petition. Nowak was appointed the chapter 7 trustee. At the time Hummel filed her petition, she owned three Prudential Whole Life Insurance Policies with cash surrender values of $27,608.02, $3,266.82, and $10,188.01. Hummel listed the policies in her Schedule B and claimed them 100% exempt in Schedule C under Ariz.Rev.Stat. § 33–1126(A)(6) and § 20–1131(D). Hummel named her adult, nondependent daughter as the beneficiary under each policy. Hummel did not list her daughter as a dependent in her Schedule I or tax returns.

Nowak objected to Hummel's exemption in the cash surrender value of the policies on the ground that the exemption did not apply if the named beneficiary was an adult, nondependent child of the debtor. The bankruptcy court overruled her objection by order entered on May 26, 2010. Nowak timely appealed.

**The Tober Bankruptcy—BAP No. 10–1206**

On December 21, 2009, Tober filed her chapter 7 petition. Lang was appointed the chapter 7 trustee. When Tober filed her petition she owned a Nationwide Annuity valued at $33,316.52, which she listed in her Schedule B and claimed 100% ex-

---

1. Hon. Catherine E. Bauer, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

3. The corresponding exemption for the cash surrender value of life insurance policies in Arizona's Insurance Code at Ariz.Rev.Stat. § 20–1131(D) contains the identical phrase as that under Ariz.Rev.Stat. § 33–1126(A)(6). Therefore, our discussion in reference to the cash surrender value of life insurance policies under Ariz.Rev.Stat. § 33–1126(A)(6) is equally applicable to the exemption in Ariz.Rev. Stat. § 20–1131(D).

empt in Schedule C under Ariz.Rev.Stat. § 33–1126(A)(7). Tober named her adult, nondependent daughter as the beneficiary in the annuity contract. Tober did not list her daughter as a dependent in her Schedule I or tax returns.

Lang objected to Tober's exemption in the annuity contract on the ground that the exemption did not apply if the named beneficiary was an adult, nondependent child of the debtor. The bankruptcy court overruled her objection by order entered on May 26, 2010. Lang timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 over this core proceeding under § 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether Ariz.Rev.Stat. § 33–1126(A)(6) and (7) require that a child of the debtor named as a beneficiary under a life insurance policy or an annuity contract also be a dependent of the debtor in order for the debtor to obtain the exemption.

## IV. STANDARDS OF REVIEW

■ We review the bankruptcy court's conclusions of law and questions of statutory interpretation de novo. *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC),* 391 B.R. 25, 32 (9th Cir. BAP 2008).

## V. DISCUSSION

■ Section 541(a)(1) of the Bankruptcy Code provides that "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." It is undis-

puted that debtors Hummel and Tober owned the property they claimed exempt which became part of their respective estates.

The Bankruptcy Code permits a debtor to exempt from property of the estate certain property for which an exemption is available under either state or federal law. § 522(b). Arizona has opted out of the federal exemptions, leaving debtors in Arizona to resort to the state law exemptions. *See* Ariz.Rev.Stat. § 33–1133(B). Therefore, substantive issues regarding the allowance or disallowance of the claimed exemptions at issue in this appeal are governed by Arizona law. *Turner v. Marshack (In re Turner),* 186 B.R. 108, 113 (9th Cir. BAP 1995).

For Arizona residents, the exemption of certain insurance and annuity benefits or proceeds is governed by Ariz.Rev.Stat. § 33–1126 which provides in relevant part:

A. The following property of a debtor[4] shall be exempt from execution, attachment or sale on any process issued from any court:

. . . .

6. The cash surrender value of life insurance policies where for a continuous unexpired period of two years such policies have been owned by a debtor and have *named as beneficiary the debtor's surviving spouse, child, parent, brother or sister, or any other dependent family member,* in the proportion that the policy names any such beneficiary. . . . For the purposes of this paragraph "dependent" means a family member who is dependent on the insured debtor for not less than half support.[5]

---

**4.** " 'Debtor' means an individual whether married or single utilizing property described in this article for personal, family or household use." Ariz.Rev.Stat. § 33–1121.

**5.** The Insurance Code exemption contained in Ariz.Rev.Stat. § 20–1131(D) provides in relevant part:

If, for a continuous, unexpired period of two years, a policy of life insurance has *named as beneficiary the insured's surviving spouse, child, parent, brother, sister or any other dependent family member,* then, in event of bankruptcy or in any proceeding before any court in this state, the cash sur-

7. An annuity contract where for a continuous unexpired period of two years such contract has been owned by a debtor and has *named as beneficiary the debtor, debtor's surviving spouse, child, parent, brother or sister, or any other dependent family member*.... For the purposes of this paragraph, "dependent" means a family member who is dependent on the debtor for not less than half support. (Emphasis added).

The trustees contend that the listed beneficiaries in each subsection (surviving spouse, child, parent, etc.) are, in effect, a subset of the subsequent phrase "other dependent family members." In essence, the trustees urge us to view the word "other" as a connecting modifier and, thus, all beneficiaries specifically listed in the statute, and "any others", must be (1) family members and (2) dependent on the debtor. On the other hand, debtors assert that the phrase "any other dependent family member" constitutes a separate class of beneficiaries from those previously listed. Under this view, the word "other" would seem to be one of differentiation. *See Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 343 n. 3, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005) (noting that "both 'other' and 'another' are just as likely to be words of differentiation as they are to be words of connection").

■ No Arizona court has addressed the question before us. In the absence of a controlling decision we interpret the statute as we believe the highest state court would. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1548 (9th Cir.1990). When interpreting a statute, Arizona courts look to its plain language as the best indicator of the legisla-

ture's intent. *Ariz. Tile, L.L.C. v. Berger*, 223 Ariz. 491, 224 P.3d 988, 992 (2010). If the meaning of the statutory language is clear and unambiguous, the court does not employ any other methods of construction. *Id.* We conclude the statutory language at issue in this appeal is ambiguous because it is susceptible to plausible, although contradictory, interpretations. Accordingly, we employ other methods of statutory construction to ascertain the legislature's intent. *See Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 872 P.2d 668, 672 (1994).

■ When a statute contains a list, as here, we are mindful that the legislature in drafting the statute could not possibly specify all the family members who may be named as beneficiaries. Thus, in reading the statute, we use the rule of statutory construction that "[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." *Porto Rico Ry., Light & Power Co. v. Mor*, 253 U.S. 345, 348, 40 S.Ct. 516, 64 L.Ed. 944 (1920). While not dispositive, application of this rule lends support to the trustees' position. Under a "natural construction," the phrase "dependent family member" applies as much to the previously enumerated family members (surviving spouse, parent, child, etc.) as it does to "any other" family member. Moreover, this construction gives meaning both to the specific words listing family members and the general words that extend the provisions of the statute to everyone embraced in that class—"any other dependent family member."

We also examined the legislative history for each of the subsections at issue.[6] Ariz.

---

render value of the insurance, in the proportion that the policy names any such beneficiary, shall be exempt from claims and demands of all creditors.... For the purposes of this subsection, "dependent" means a family member who is dependent

on the insured for not less than half support. (Emphasis added).

**6.** Neither party submitted any legislative history to explain the meaning or purpose behind the life insurance or annuity contract

Rev.Stat. § 33–1126(A)(7) was added to Ariz.Rev.Stat. § 33–1126 in 2005. The legislative history we reviewed reveals no useful information pertaining to the interpretation of the phrase at issue or the purpose behind the annuity contract exemption. However, our review of the legislative history for the 1992 amendment of subsection (A)(6) (formerly (A)(5)) regarding the exemption for the cash surrender value of life insurance policies provides us with some meaningful guidance.[7]

Prior to 1992, Ariz.Rev.Stat. § 33–1126(A)(6) provided in relevant part:

> A. The following property of a debtor shall be exempt from execution, attachment or sale on any process issued from any court:
>
> . . . .
>
> (5) The cash surrender value of Life insurance policies where for a continued unexpired period of one year such policies have been owned by a debtor and have named as beneficiary the debtor's surviving spouse, child, parent, brother, or sister, or *any dependent.* . . . A "dependent" means a *person* who is dependent upon the insured for not less than one-half of his support. (Emphasis added).

The proposed amendments to subsection (A)(6) were contained in Senate Bill 1060 and served to eliminate per dependent limits on life insurance proceeds as well as adjusting the dollar amount of the exemption upward to $100,000. Moreover, the beneficiary phrase was changed from "debtor's surviving spouse, child, parent, brother, or sister, or any dependent" to "debtor's surviving spouse, child, parent, brother or sister, or any *other* dependent *family member.*" In addition, the meaning of dependent was changed from "dependent means a person" to "dependent means a *family member.*"

■ The revised Senate Fact Sheet for Senate Bill 1060, prepared by Senate staff almost a month after the legislature had passed the 1992 bill, provides more convincing evidence that the family member or members named as beneficiaries must also be dependents. The Fact Sheet stated the bill's purpose:

> Exempts up to $100,000 of the proceeds from life insurance policies from the claims of creditors in the case of bankruptcy or other court proceedings *when a dependent family member has been named beneficiary* of those proceeds.

The Fact Sheet also furnished the following background on the bill:

> Currently, under the Arizona insurance statutes, if a *dependent family member* has been named the beneficiary of a life insurance policy for a continuous two-year period, up to $2000 of the proceeds from the policy are exempted from the claims of creditors' in the event of bankruptcy or other court proceeding, with a minimum of $5,000 and a maximum of $10,000 for all dependents combined.

Amended Fact Sheet for S.B. 1060, 40th Leg., 2d Sess., at 1 (Ariz. March 2, 1992).[8]

---

exemptions at issue nor were these records introduced in the bankruptcy court. Nonetheless, we can take judicial notice of the records under Fed.R.Evid. 201(b). *See also, Hayes,* 872 P.2d at 673 n. 5. We obtained the records directly from the Arizona State Senate Resource Center.

**7.** Ariz.Rev.Stat. § 20–1131(D) contained in the Arizona Insurance Code was added in 1963. It too was amended in 1992 at the same time as Ariz.Rev.Stat. § 33–1126(A)(6). The amendment for Ariz.Rev.Stat. § 20–

1131(D) eliminated the $5,000 minimum and $10,000 maximum limits for all dependents combined and brought the definition of a dependent in line with that under Ariz.Rev.Stat. § 33–1126(A)(6).

**8.** In Arizona, Senate fact sheets are viewed as "relevant legislative history and as reflective, though not dispositive, of legislative intent." *State v. Payne,* 223 Ariz. 555, 225 P.3d 1131, 1139 n. 5 (2009).

Senate Committee Minutes reflecting consideration of the amendments to Senate Bill 1060 included this summary of the bill:

> [U]nder current State law when a creditor makes an attempt to recover debt in a court proceeding, such as bankruptcy, the cash surrender value of a life insurance policy is subject to the claim of a creditor. However, certain portions are exempt when *a dependent family member had been named beneficiary*. This bill eliminates the requirement that the *dependent family member* must be named beneficiary for a continuous two year period and eliminates the $2,000 per dependent limit which is protected from a claim by a creditors. All money named for a *dependent beneficiary* would be exempt.

Senate Minutes of Comm. on Commerce and Labor, 40th Leg., 2d Sess. (Ariz. Feb. 5, 1992).

In short, the only inference permissible from the excerpts we cite support the trustees' position; namely, that the cash surrender value of life insurance policies and proceeds from annuity contracts were intended to protect those family members who were dependent on the debtor. We appropriately make this inference from the explicit purpose of the statute which was set forth in the amended Senate Fact Sheet and also from the changes to the statutory language—the addition of the words "family member" after "any dependent" as well as the change in wording from "a dependent means a person" to "a dependent means a family member." Accordingly, we conclude that the legislative history is determinative of the legislative intent behind Ariz.Rev.Stat. § 33–1126(A)(6).[9]

When Ariz.Rev.Stat. § 33–1126 was amended in 2005 to include the exemption for annuity contracts under (A)(7), the legislature adopted almost identical language as that in (A)(6) with respect to named beneficiaries. Therefore, in the absence of a contrary intent—which we could not find—we construe the language contained in both subsections and that of the Insurance Code (Ariz.Rev.Stat.20–1131(D)) in the same manner.

 We are mindful of the rule that exemption statutes are to be construed liberally in the debtor's favor. *In re Hoffpauir*, 125 B.R. 269, 271 (Bankr.D.Ariz. 1990). Our construction of the statute, however, does not run afoul of the liberal construction rule because debtors who qualify for the exemption are entitled to exempt an unlimited dollar amount under both subsection (A)(6) and (A)(7). Moreover, this result is consistent with the purpose behind the exemption laws in Arizona which "were not created merely for the purpose of conferring a privilege on a debtor, but to shelter the family and thereby benefit the state." *In re Foreacre*, 358 B.R. 384, 390 (Bankr.D.Ariz.2006) (referring to homestead exemption). In any event, our role on review is restricted to an interpretation of the exemption statute as written. *Hoffpauir*, 125 B.R. at 271 (court is not authorized to reduce or enlarge exemptions).

Accordingly, we hold that Ariz.Rev.Stat. § 20–1131(D) and § 33–1126(A)(6) and (7) require that the child of a debtor named as a beneficiary must be a dependent in order for the debtor to obtain an exemption under those sections.

---

**9.** For this reason, we are unpersuaded by the out-of-state case law cited by the parties that construed similar exemption statutes.

## VI. CONCLUSION

For the reasons stated above, we RE-VERSE the bankruptcy court's order in each appeal.