**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: JOAN A. TOBER,
                              *Debtor,*

JOAN A. TOBER,
                              *Appellant,*

v.

BETH LANG, Chapter 7 Trustee,
                              *Appellee.*

No. 11-60018
BAP No.
10-1206

In re: RONDA LIANE HUMMEL,
                              *Debtor,*

RONDA LIANE HUMMEL,
                              *Appellant,*

v.

TRUDY A. NOWAK, Chapter 7
Trustee,
                              *Appellee.*

No. 11-60019
BAP No.
10-1202
OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Jury, and Bauer, Bankruptcy Judges, Presiding

Argued and Submitted
April 17, 2012—San Francisco, California

Filed August 10, 2012

9129

Before: Alex Kozinski, Chief Judge, M. Margaret McKeown and N. Randy Smith, Circuit Judges.

Opinion by Judge N.R. Smith

**COUNSEL**

Alan R. Solot, Tilton & Solot, Tucson, Arizona, for the appellants.

Trudy A. Nowak, Phoenix, Arizona, for the appellees.

**OPINION**

N.R. SMITH, Circuit Judge:

Arizona Revised Statutes Sections 33-1126(A)(6) and (7) allow a debtor in a bankruptcy proceeding to exempt the cash surrender value of life insurance policies and proceeds of annuity contracts from the bankruptcy estate if the debtor names certain beneficiaries. Arizona law requires us to con-

strue these bankruptcy statutory exemptions in favor of the debtor. As a matter of first impression in Arizona, we conclude that the statutory text does not require a debtor's child to be a "dependent" to qualify for the exemption. Therefore, we **REVERSE** the Bankruptcy Appellate Panel's ("BAP") ruling and **REMAND** for further proceedings consistent with this opinion.

## I.  FACTS AND PROCEDURAL HISTORY

When Ronda Hummel filed her Chapter 7 petition, she owned three life insurance policies, each of which named her adult, non-dependent daughter as the beneficiary. Hummel claimed them exempt.

Similarly, when Joan Tober filed her Chapter 7 petition, she owned an annuity, which named her adult, non-dependent daughter as the beneficiary. Tober claimed it exempt.

The Chapter 7 Trustees in both cases objected to the claimed exemptions. The Trustees argued that the exemption did not apply, because the named beneficiaries were not dependents of the debtors. The bankruptcy court overruled the Trustees' objection. On appeal, the BAP filed a single order for both cases, reversing the bankruptcy court and holding that the statutes require the named beneficiaries to be dependents for the exemption to apply. *In re Hummel*, 440 B.R. 814, 820 (B.A.P. 9th Cir. 2010). This appeal followed.

## II.  STANDARD OF REVIEW

"We review decisions of the BAP de novo and apply the same standard of review that the BAP applied to the bankruptcy court's ruling." *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). The BAP reviewed de novo the bankruptcy court's conclusions of law and questions of statutory interpretation.

## III. DISCUSSION

**[1]** Property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, 11 U.S.C. § 522(b) permits a debtor to exempt property from the estate for which an exemption is available under either state or federal law. Because Arizona law excludes federal exemptions, Ariz. Rev. Stat. § 33-1133(B), Arizona law alone governs the question of what exemptions apply. 11 U.S.C. § 522(b)(2).

**[2]** The relevant statutory language of the applicable exemptions follows:

A. The following property of a debtor is exempt from execution, attachment or sale on any process issued from any court:

. . .

(6) The cash surrender value of life insurance polices where for a continuous unexpired period of two years the policies have been owned by a debtor and have *named as beneficiary the debtor's surviving spouse, child, parent, brother or sister, or any other dependent family member* . . . . For the purposes of this paragraph, "dependent" means a family member who is dependent on the insured debtor for not less than half support.

(7) An annuity contract where for a continuous unexpired period of two years that contract has been owned by a debtor and has named as beneficiary *the debtor, the debtor's surviving spouse, child, parent,*

> *brother or sister, or any other dependent family member* . . . . For the purposes of this paragraph, "dependent" means a family member who is dependent on the debtor for not less than half support.

Ariz. Rev. Stat. § 33-1126(A)(6)-(7) (emphasis added). Subparagraph (6) exempts the cash surrender value of life insurance applicable in Hummel's case. Subparagraph (7) exempts value of an annuity contract applicable in Tober's case.

For both exemptions, we must determine whether the word "other" operates as a word of differentiation, confirming the Appellant's argument that an individual can *either* be exempted as a listed family member (who need not be dependent) *or* as any "other" family member who is dependent; or whether "other" operates as a connecting modifier and refers to the dependent nature of the residual class of family members in connection with the dependent nature of the preceding listed family members. Supreme Court precedent suggests that the use of "other" in either way is "just as likely." *See Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 343 n.3 (2005). No Arizona court has addressed this question.

**[3]** We conclude that the word "other" in the text of this statute is a word of differentiation, establishing that a beneficiary can be either a listed beneficiary or some "other" family member who is dependent. We must interpret Arizona laws in a way that avoids superfluity. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001); *In re Marriage of Berger*, 680 P.2d 1217, 1228 (Ariz. Ct. App. 1983). If the legislature had wanted only dependent family members to be exempted, then the legislature could have exempted "dependent family members," rather than list certain close family members *and* exempt other dependant family members. The Trustees' interpretation renders the enumeration of specific family members irrelevant. In contrast, Appellants' argument makes sense of the list by distinguishing immediate family members as safe harbors

who need not prove dependency, in contrast to extended family members covered by the "other" clause.

The Trustees incorrectly argue that our interpretation of the statute would render "other" superfluous. The word "other" emphasizes that the listed individuals *and* the catch all group are family members.

The Trustees also point out that "[w]hen several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." *Porto Rico Ry., Light & Power Co. v. Mor*, 253 U.S. 345, 348 (1920). But this canon of interpretation does not call for a different conclusion. The *entire question* of this case is whether the last clause is as applicable to the first listed words as to the last. And, indeed, the clause can't logically apply to the first item in the series in subparagraph (7)—it would be absurd to require the "debtor" to be a dependent of himself to obtain the exemption.

**[4]** Even if "other" could plausibly be interpreted in both ways discussed above, the term is ambiguous. "Exemption statutes in bankruptcy law should be construed liberally in favor of the debtor." *In re Cataldo*, 224 B.R. 426, 429 (B.A.P. 9th Cir. 1998); *accord In re Hoffpauir*, 125 B.R. 269, 271 (Bankr. D. Ariz. 1990). Where the text of a statutory exemption is ambiguous as to whether it applies, the debtor is entitled to the exemption. It follows that the Appellants must prevail.

The Trustees argue that any ambiguity is overcome by the clear legislative history. We are dubious of the proposition that legislative history could ever be used to overcome the presumption in the debtors favor created by ambiguous text. However, assuming this could occur, we disagree that the legislative history in this case is clear enough to rebut the textual presumption in favor of the debtor.

The legislative history cited by the Trustees is not necessarily inconsistent with the Appellants' interpretation, because it never specifically excludes non-dependent family members from the exemption. Further, a provision from the Arizona Senate Fact Sheet directly *contradicts* the Trustees' interpretation. It states that the exemption applies "when a family member *or* dependent is named beneficiary." Final Revised Fact Sheet for S.B. 1060, 40th Leg., 2d Sess., at 2 (Ariz. June 24, 1992) (emphasis added). This language strongly supports the argument that the legislature anticipated that family members did not always also have to be dependents to be exempted, since the "or" differentiates between family and dependents.

The Trustees also argue a liberal construction of this statute is satisfied by the fact that when the debtor qualifies for the exemption, the debtor is entitled to an unlimited dollar amount. However, this only speaks to the liberality of the exemption itself, rather than a liberal rule of statutory construction interpreting the statute in favor of allowing a debtor to *qualify* for this exemption.

Because the text of this statute provides at least as much support for Appellants' position as the Trustees' and because the legislative history does nothing to rebut Appellants' interpretation, we are required to rule in favor of Appellants.

## IV.   CONCLUSION

We **REVERSE** the BAP's decision and **REMAND** for further proceedings consistent with this opinion.